# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Martin Garza and Columbia Garza,

    Plaintiffs

v.

Pacific Gas and Electric Company,

    Defendant

2:16-cv-00595-JAD-GWF

**Order Granting Motion to Dismiss, Denying Motion for Leave to Amend, and Closing Case**

[ECF Nos. 5, 16]

Martin and Columbia Garza sue the Pacific Gas and Electric Company ("PG&E") under 42 USC § 1983, alleging civil-rights violations stemming from PG&E's alleged contamination of the groundwater beneath the Garzas' former residence in Hinkley, California.[1] PG&E moves to dismiss for lack of personal jurisdiction and improper venue,[2] and the Garzas request leave to amend their complaint to add defendants.[3] Because I lack personal jurisdiction over PG&E, I grant its motion to dismiss, deny the Garzas' motion for leave to amend, and close this case.

## Background[4]

PG&E is a California corporation "with only domicile in the State of California."[5] The Garzas relocated to Nye County, Nevada, in May 2015, after discovering that the groundwater beneath their home in Hinkley, California, was contaminated.[6] The Garzas filed suit in March 2016. The Garzas allege that PG&E initially poisoned the groundwater in Hinkley in 1952 and again from

---

[1] ECF No. 1.

[2] ECF No. 5.

[3] ECF No. 16.

[4] These facts are taken from the Garzas' complaint and should not be construed as findings of fact.

[5] ECF No. 1 at ¶¶ 8, 16.

[6] *Id.* at ¶¶ 16–17.

2012–2014 through its environmental remediation efforts.[7] According to the Garzas, PG&E conspired with local, state, and federal government employees to cover up the contamination,[8] and can thus be considered a government actor for § 1983 purposes.[9]

PG&E moves to dismiss for lack of personal jurisdiction and improper venue. The Garzas allege that, "since November 2015, thousands [of] pages of papers were transmitted to [PG&E], clearly identifying the Plaintiffs' address in Nevada, thus more than sufficient minimum contacts" exist to establish personal jurisdiction.[10] The Garzas also move for leave to amend their complaint to add other defendants.

## Discussion

### A.   Personal jurisdiction

The due-process clause of the Fourteenth Amendment limits a court's power to bind a nonresident defendant to a judgment in the state in which it sits.[11] As the United States Supreme Court explained in the pathmaking *International Shoe* opinion, "[a]lthough a non-resident's physical presence within the territorial jurisdiction of the court is not required" for the exercise of personal jurisdiction, "the nonresident generally must have 'certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[12] "[T]he defendant's conduct and connection with the forum State [must be enough] that he should reasonably anticipate being haled into court there."[13]

---

[7] *Id.* at ¶¶ 45–47.

[8] *Id.* at ¶ 9.

[9] *Id.* at ¶ 1.

[10] *Id.* at ¶15.

[11] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

[12] *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

[13] *World-Wide Volkswagen Corp.*, 444 U.S. at 297.

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the forum state are so continuous and systematic" that they are "essentially at home" there.[14] Specific (or case-linked) jurisdiction, on the other hand, depends on an "activity or an occurrence that takes place in [or is purposely directed at] the forum State and is therefore subject to the State's regulation."[15] "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction."[16] When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff must make a prima facie showing that the court has jurisdiction over the defendant.[17]

**B.     This court lacks jurisdiction over PG&E.**

The Garzas have not carried their burden to make a prima facie showing that I have either general or specific jurisdiction over PG&E. The Garzas have not offered any facts to show that PG&E's affiliations with Nevada are so continuous and systematic that the corporation is "essentially at home" here. In fact, the Garzas allege only that PG&E is a California corporation and that it is domiciled in California.[18] Based on these facts, I cannot conclude that PG&E is properly subject to general, all-purpose jurisdiction in Nevada.

The Garzas have also failed to show that the exercise of specific jurisdiction is proper. The only contacts alleged by the Garzas is PG&E's receipt of papers identifying the Garzas' new address in Nevada.[19] This conduct is insufficient to establish minimum contacts for two reasons. First, PG&E's passive knowledge that the Garzas are now Nevada residents does not constitute activity

---

[14] *Goodyear Dunlop Tires Oper. v. Brown*, 564 U.S. 915, 919 (2011) (internal citations and quotations omitted).

[15] *Id.*

[16] *Id.* (internal citations and quotations omitted).

[17] *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

[18] ECF No. 1 at ¶¶ 8, 16.

[19] *Id.* at ¶15.

purposefully directed at Nevada. Second, minimum contacts are measured at the time the events that gave rise to the suit occurred.[20] PG&E allegedly received papers identifying the Garzas as Nevada residents *after* they relocated to Nevada, and well after the alleged contamination (and the Garzas' alleged discovery of the contamination) that gave rise to their suit.[21]

The other bases for jurisdiction that the Garzas raise in their opposition are also unpersuasive. The Garzas first argue that jurisdiction is proper because PG&E purposefully availed itself to the benefits and privileges of doing business in Nevada. The Garzas cite to a September 9, 2000, press release reporting that Pacific Gas and Energy Corporation's National Energy Group would pursue the corporation's first project in Nevada through development of a plant outside of Las Vegas.[22] But this exhibit also shows that the National Energy Group is a separate corporation from defendant PG&E, and is neither a parent nor a subsidiary of PG&E.[23] In fact, Pacific Gas and Energy Corporation owns both defendant PG&E and the National Energy Group.[24] Thus, the National Energy Group's contacts are not attributable to PG&E. Even if these contacts were attributable to PG&E, jurisdiction would still not lie because (1) operating a plant in Nevada does not give rise to general jurisdiction[25] and (2) the Garzas' claims arise out of PG&E's alleged activities in California, not the development of the Nevada power plant, so the Nevada power plant cannot give rise to

---

[20] *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987) (stating that "[w]hen a court is exercising specific jurisdiction over a defendant. . . , the fair warning that due process requires arises not at the time of the suit, but when the events that gave rise to the suit occurred.").

[21] The Garzas filed a change of address from California to Nevada on May 22, 2015. ECF No. 14 at 4.

[22] ECF No. 14 at 19. The article is not properly authenticated.

[23] See ECF No. 14 at 19 ("PG & E National Energy Group, Inc. Is a Delaware corporation and a wholly-owned subsidiary of PG&E Corp[oration.]").

[24] *Id.*

[25] *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014) (rejecting proposition that corporation is subject to general jurisdiction in every state in which it engages in a substantial, continuous, and systematic course of business, and emphasizing that the relevant inquiry is whether a corporation's *affiliations* (not activities) with the state are so continuous and systematic as to render it essentially at home there).

specific jurisdiction.

The Garzas next argue that jurisdiction is proper because PG&E's representatives have called them and other victims over the last six months, offering to buy the victims' real property in exchange for dismissing their lawsuits.[26] These alleged phone calls are also insufficient to establish specific jurisdiction because the Garzas' claims do not arise out of those phone calls.

Finally, the Garzas argue that jurisdiction is proper because PG&E participated in a lawsuit that the Garzas filed in California Superior Court when the Garzas were Nevada residents.[27] PG&E is not subject to personal jurisdiction in Nevada simply because it defended itself against a lawsuit brought by Nevada residents in a California state court.

The Garzas have not made a prima facie showing that jurisdiction over PG&E is proper, so I grant PG&E's motion to dismiss for lack of personal jurisdiction. Because I conclude that I lack jurisdiction over PG&E, I decline to address PG&E's improper-venue arguments.

**C.     The Garzas' motion for leave to amend is denied.**

After PG&E moved to dismiss the Garzas' complaint, the Garzas filed a motion for leave to amend. The Garzas seek leave to name additional defendants, including a single federal-government employee and five California state and local-government employees. The Garzas do not assert that any of these employees reside in Nevada or have engaged in any conduct purposefully directed at Nevada.

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave when justice so requires." But leave to amend should be denied if the proposed amendment is futile.[28] I decline to grant the Garzas leave to add these additional defendants because (1) these proposed amendments do not cure the Garzas' fatal jurisdictional problems and (2) the Garzas failed to attach a copy of their proposed amended complaint to their motion, as required by

---

[26] *Id.* at 10.

[27] *Id.* at 12.

[28] *Carrico v. City & Cty of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

this district's local rules.²⁹  Accordingly, the Garzas' motion for leave to amend is denied.

## Conclusion

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that **PG&E's motion to dismiss for lack of personal jurisdiction [ECF No. 5] is GRANTED.  This case is dismissed for lack of personal jurisdiction.**

IT IS FURTHER ORDERED that the **Garzas' motion for leave to amend [ECF No. 16] is DENIED.**

The Clerk of Court is instructed to CLOSE THIS CASE.

Dated May 10, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

²⁹ L.R. 15-1(a).